*Aguilera Law Firm, P.C.*
*314 South Sixth Avenue*
*Tucson, Arizona 85701*
*Telephone: (520) 884-1234*
*Facsimile: (520) 884-9687*
*e-mail: aguileralawfirm@gmail.com*
Attorneys for Defendant Luis Castillo-Lopez
By: Benjamin W. Aguilera, Arizona Bar #020969

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, ) | No. CR-22-00559-TUC-JGZ(LCK) |
| ) | |
| Plaintiff, ) | SENTENCING MEMORANDUM |
| ) | |
| v. ) | |
| ) | |
| Luis Castillo-Lopez, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**COMES NOW**, Defendant Luis Castillo-Lopez, through undersigned counsel, and provides the following information that, he anticipates, will be useful to this Court in determining a fair and just sentence. Mr. Castillo-Lopez is scheduled to be sentenced on Tuesday, August 16, 2022 at 9:30 a.m.

**SENTENCING MEMORANDUM**

Luis Castillo Lopez presents himself before his Honorable Court with shame and frustration. His only other countable criminal history points are from an offense that occurred 18 years ago and from a misdemeanor illegal entry offense that occurred 6 years ago. He had initially elected to plead guilty without a plea agreement, based on the original plea that was extended, which provided for a 0-6 month range for Criminal History

Categories I, II and III. The disclosure provided did not indicate that Mr. Castillo-Lopez would be eligible for Offense Level or Criminal History points for his 2004 offense, as it appeared his release date in that matter was beyond the 15 year window of eligibility. As the United States Probation Officer was preparing for the Pre-Sentence Interview, he learned that Mr. Castillo-Lopez' release date in the 2004 matter was in fact within the 15 year window to be eligible for both Offense Level and Criminal History Points. This information was on a document that only the U.S. Probation officer had access to. Even the AUSA did not have access to this "non-public" document that was in the sole possession of the probation department. The original plea that was extended was based on an understanding that Mr. Castillo-Lopez had only the prior misdemeanor offense as a countable prior offense.

This new information has been extremely frustrating for Luis, and he is frankly reluctant to believe any of it. He is especially frustrated because this issue did not arise during his 2016 misdemeanor immigration matter, and he is therefore struggling to understand why, 6 years later, it has become an issue. His prior attorney never mentioned the prior conviction and he was not assessed any criminal history points in that matter. His confidence in counsel undersigned has been understandably eroded and he trusts no one at this point.

Luis was born and raised in rural Oaxaca, Mexico. He comes from a very large family with 13 other brothers and sisters. For the Lopez family, food was always a struggle to provide. Such a large brood required more food than one person could afford to provide. Consequently, Luis and his siblings were forced to abandon their educational pursuits at a

very young age to begin working. When he was just 8 years old, Luis was forced to quit school to begin selling bread in the streets. Even as a small child, Luis longed for a better life. He did not want to spend his entire life toiling for meager wages only to die without ever having accomplished anything significant. To this end, Luis wishes he could have stayed in school and found a real career. He often wonders what his life would have been had he had the option to stay in school. He hopes his own children will be able to finish their educations and become productive and positive members of society.

During his adolescence, Luis worked in the fields performing back breaking labor alongside his father and siblings. Although he was happy to spend the days with his family, Luis longed for a better life. As he grew older, Luis saw his older brothers emigrate to the United States and secure employment. He always admired the fact that his brothers earned enough money to live their new lives while also being able to send money back home to their parents. He would speak with them and they would regale him with tales of opportunity and rewards for hard work.

Luis eventually made his way to the United States and resided in the Phoenix, AZ area with his brothers for several years. When he returned to Mexico, Luis began a relationship with Jessica Nunez-Sandoval. Their relationship produced two children, ages 10 and 11. After several years together, Jessica began spending time away from Luis and the children, eventually abandoning them altogether. Since that time, Luis has struggled to provide for his children as a sole provider. Employment has been sporadic and the struggle was most recently exacerbated by the global pandemic, causing a drastic decline in the Mexican

economy. Luis was unable to secure employment for long periods of time and became increasingly desperate. His decision to return to the United States was not made lightly. Luis discussed it with his mother and with his children and they agreed that their desperation could not continue. He kept finding excuses to stay in Mexico for a bit longer, knowing the risk of trying to re-enter the United States. His decision to return was motivated solely by economic desperation and a desire provide for his family. He regrets every second of it now.

Luis is ashamed and embarrassed to find himself before this Honorable Court and respectfully asks for forgiveness. He accepts full responsibility for his decision to return to the United States and he is sincerely remorseful. He knew he should not have come. He had a good life in Mexico, despite the economic downturn, and had no plans to return to the United States.

Prior to his decision to return to the United States, Luis was residing with, and caring for, his mother in Mexico. She has always been his inspiration and he has always looked to her for guidance and support when he was feeling especially down. He continues to use her for inspiration when he feels dejected. He admires her ability to keep her head up in times of desperation. She lived an extremely difficult life, raised Luis and his siblings in dire poverty, sacrificed everything for her family and never complained. This is the spirit that Luis strives to emulate. His mother wants only for him to return home to Mexico. She is nearing 70 years old and struggles to care for the two children. She too, understands that Luis is not welcome in the United States and knows his future lies in Mexico.

Luis understands he has not lead a model life while residing in the United States. He notes that his only prior felony occurred over 18 years ago. This entire episode has been a hard lesson for Luis, as he feels tremendous guilt for the impact his arrest has had on his family and on his own psyche. The deterrent impact of this entire incident has been significant for Luis. He is 40 years old now and no longer a young man. He acknowledges he is too old to be in and out of prison and understands that his liberty is the most valuable thing he can control. He would rather be struggling but free in Mexico than be in custody in the United States.

Luis Castillo-Lopez looks forward to what lies ahead of him and avows he will once again become a productive member of society and positive role model for his children. He was living a difficult but good life before this incident and he will return to Mexico and continue that trajectory.

Finally, Luis asks this Honorable Court to consider the impact the COVID-19 pandemic has had on the prison communities throughout this country. As the Court is well aware, there have been many infections at the CoreCivic CAFCC detention facility. The current quarantine numbers are fluctuating and generally increasing. Moreover, the number of positive cases just recently reached an all time high. Inmates are kept quarantined together in large groups. If visitation is requested, the quarantined inmates are brought to the visitation area. They are escorted alongside other inmates and travel through rooms with non-quarantined inmates. The fact is there is no real quarantine at CAFCC. The virus continues to spread unmitigated with nor clear end or solution in sight. As can be imagined,

5

this has caused significant anxiety among inmates and tensions are at an all-time high as inmates continue to witness the illness spread throughout the facility. Moreover, the COVID-19 global pandemic is certainly something the United States Sentencing Commission could not have anticipated and should be considered an unaccounted for factor for the Court to contemplate when considering the sentence to impose. The fact is that COVID-19 is still present at the detention facility and inmates have no ability to distance themselves from other inmates. Luis's risk can be mitigated with, among other things, a sentence that allows him to escape the confined environment and return to his native Mexico with all haste.

Based on the foregoing, Luis Castillo-Lopez respectfully request this Honorable Court impose a sentence of no more than 12 months and one day imprisonment. Luis is defeated, has no desire to return to the United States and is resigned to remain in Mexico.

RESPECTFULLY SUBMITTED this 9th day of August, 2022.

**/S/ Benjamin W. Aguilera**
Benjamin W. Aguilera
Attorney for Luis Castillo-Lopez

Certificate of Service

I hereby certify that on August 9, 2022, I electronically transmitted the attached document to the Clerks' Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

sarah.precup@usdoj.gov

By _____BA_____

6254 - castillo-lopez - sent memo